**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

IN RE CURTIS THOMPSON,
DODIE THOMPSON,

                                                    Bankruptcy Case Number
                                                      16-80832-CRJ-13

        Debtor,

CURTIS THOMPSON,
DODIE THOMPSON,

        Plaintiff,

                                                   Adversary Proceeding No.

v.

CAPITAL ONE, NATIONAL ASSOCIATION,

        Defendant.

**COMPLAINT**

The debtors in this bankruptcy case and plaintiffs in this adversary proceeding, Curtis and Dodie Thompson (the "Thompsons"), make the following allegations in their complaint against the Defendant, Capital One, National Association ("Capital One").

**Parties, Jurisdiction, and Nature of Action**

1.      The Thompsons are the debtors in the above-referenced Chapter 13 bankruptcy case which was commenced on March 17, 2016. Capital One is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, Capital One regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. The Thompsons did business with Capital One within this district and division, and it is these business transactions that give rise to this litigation.

2.      Capital One is listed as a creditor in the schedules filed by the Thompsons.

3.      Despite having both notice and actual knowledge of the commencement of the Thompsons' case, Capital One sent the Thompsons a letter titled "Sign and Return" and a form titled "Notice of Continuing Security Interest or Lien Perfection" in an attempt to collect a prepetition debt owed by the Thompsons to Capital One. The plaintiff asserts that the post-petition continuous security interest or lien perfection against the Thompsons was intended to coerce

payment from the Thompsons and to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

4.      The Thompsons brings this action to recover the actual damages they have sustained as a result of the defendant's willful violation(s) of the automatic stay in this case and to recover punitive damages from the defendant for those violation(s).

5.      This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Thompsons's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between the Thompsons and the defendant.  Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

Further, Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section **shall recover actual damages, including costs and attorney's fees**, and in appropriate circumstances, may recover punitive damages."[2] In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

**Claim – Violation of the Automatic Stay**

6.      The Thompsons incorporates by reference the allegations in paragraphs one through five of this complaint.

7.      Capital One is listed as a creditor in Schedule D and F of the bankruptcy case filed by the Thompsons.

8.      As a result of Capital One being listed as a creditor in the schedules filed by the Thompsons, and filing **Proofs of Claim number 7 and number 8** in the Thompsons' bankruptcy

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

case, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in the Thompsons' bankruptcy case.

9.     Pursuant to §362(a) of the Bankruptcy Code, the commencement of the Thompsons's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Capital One from attempting to collect, assess, or recover from The Thompsons any pre-petition obligation owed by The Thompsons to Capital One; from enforcing a judgment obtained before the commencement of the case against the debtor or against property of the estate; from performing any act to create, prefect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case; and from the commencement or continuation of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

10.     Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, Capital One sent correspondence to the Thompsons in an attempt to collect a prepetition debt owed by the Thompsons to Capital One. Additionally, Capital Ones actions were an act to create a lien secured by a claim that arose before the commencement of the case. Factually, by way of a timeline, the following occurred:

- 3/27/2016 – The Thompsons filed Chapter 13 bankruptcy.
- 4/1/2016 – Capital One filed Proof of Claim number 7 for a debt secured by a 2014 Honda Civic. (See Exhibit 1 – POC 7).
- 5/2/2016 to 3/1/2021 – The Chapter 13 Trustee sent payments to Capital One, paying 100% of the claim in the amount of $ 20,412.84. (See Exhibit 2 – Trustee Payments to Capital One).
- 5/10/2021 – Capital One sent a letter to the Thompsons in an attempt to create a security interest and perfect a lien for a debt that paid for in the Thompsons' bankruptcy case. (See Exhibit 3 – Capital One Letter 5-10-21).
- 5/16/2021 – Mrs. Thompson signed and returned the form sent to her by Capital One believing that it was necessary to obtain her title from them.

- 5/19/2021 – The Order of Discharge is entered in the Thompsons' bankruptcy case, a copy of which was sent to the Defendant. (See Exhibit 4 – Order of Discharge).
- 5/28/2021 – Mrs. Thompson called Capital One to ask when her title would be sent. Capital One's automated system answered the call and had her enter her information. **The automated system then told Mrs. Thompson that she owes $12,085.63 on the vehicle, that her last payment was in March for $37.95 (the trustee payment), and requested that she make a payment immediately**. Mrs. Thompson was able to have the call transferred to representative, self-identified as A.J., who told Thompson that he did not know what she still owes on the vehicle.

Plaintiff asserts that Capital One, with knowledge of the bankruptcy filing, intentionally mislead the debtor into signing documentation that created a new lien on her vehicle, after paying the entire debt through her Chapter 13 plan. Mrs. Thompson, having finished paying for the vehicle, believed that the form was necessary to obtain her title.

11.    11 U.S.C. §362 states:

"**(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

**(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(**4**) any act to create, perfect, or enforce any lien against property of the estate;

(**5**) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(**6**) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The actions of Capital One violate 11 U.S.C. §362 as set forth in this complaint.

12.     The Thompsons have sustained injury and damage as a result of the defendant's violation(s) of the automatic stay.

13.     The defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14.     Under 11 U.S.C. §362(k)(1), the Thompsons are entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Capital One for its willful and intentional violation(s) of the automatic stay. The actions of Capital One are egregious. This creditor misled an innocent debtor into giving permission to create a lien against her vehicle, **which she had just finished paying them for through her bankruptcy.**

15.     The Thompsons was emotionally distressed as a direct and proximate result of the defendant's behavior.

**WHEREFORE**, the Thompsons ask this court to enter an order:

(A) Awarding the Thompsons compensatory damages against Capital One including the reasonable attorney's fees and costs incurred by the Thompsons in the preparation and prosecution of this adversary proceeding;

(B) Awarding the Thompsons punitive damages against Capital One for its willful and intentional violation(s) of the automatic stay, such damages being intended to instill in Capital One and other creditors due respect for this court and its orders and to deter them from taking similar action against the Thompsons and similarly situated debtors in the future; and

(C) Granting the Thompsons any additional or different relief this court deems appropriate.

Dated: 6/2/2021

Respectfully submitted,

/s/ John C. Larsen
John C. Larsen
Attorney for the debtors/plaintiffs,
Curtis and Dodie Thompson

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com